**CITY OF KANSAS CITY, Missouri, Respondent/Cross-Appellant,**

v.

**LABOR AND INDUSTRIAL COMMISSION OF MISSOURI, et al., Appellants/Cross-Respondents.**

**No. WD 33914.**

Missouri Court of Appeals, Western District.

April 12, 1983.

Rehearing Denied May 31, 1983.

---

Timothy P. Duggan, Jefferson City, for appellants/cross-respondents.

Aaron A. Wilson, City Atty., Edward L. Wurdack, Asst. City Atty., Kansas City, for respondent/cross-appellant.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

This appeal involves the question of whether 11 Kansas City firefighters are entitled to unemployment benefits. A deputy in the Division of Employment Security found that the firefighters were disqualified from receiving benefits for a period of 5 weeks, due to misconduct connected with their work. An appeal was taken to the division's appeals tribunal, which affirmed the deputy's decision. The case was then appealed to the Labor and Industrial Relations Commission, which reversed the decision and held that the firefighters were entitled to full benefits without any disqualifying time. On appeal to the circuit court, that court remanded the case to the Commission based on its own findings that there had been a work stoppage by the firefighters and that the Commission had applied the wrong statutory standard to the case.

The Commission and the City have appealed, the Commission contending that its decision was correct, and the City contending that the firefighters had been involved in an illegal strike and should be disqualified from receiving any benefits. Reversed and remanded.

In December of 1979, the firefighters' union notified the City that it was cancelling the agreement under which the firefighters had been working. The union called for a progressive job action to be taken by the firefighters between December 11 and December 21 of that year. The first such action was a refusal to work overtime beginning on December 21. On that day, some firefighters refused to work overtime and others called in sick. The situation eventually worsened to the point that the National Guard had to be called in to assist police officers in manning fire stations.

The City instituted disciplinary actions against the firefighters who refused to work overtime. The first such refusal by a firefighter resulted in a three day suspension, and the second such refusal resulted in a 15 day suspension followed immediately by termination. A number of firefighters

were terminated on this basis, and they appealed their terminations to the personnel board of the City. That board held hearings, which resulted in all but four of the terminations being sustained. An appeal was taken to the circuit court and on March 22, 1980, the City and the firefighters stipulated that the court could enter a judgment reinstating the firefighters to their jobs, but that they were not entitled to back pay or benefits between the date of suspension and the court order.

The 11 firefighters involved in this case filed for unemployment benefits for the time between December 21, 1979, and March 22, 1980, that they were off work. The City resisted these claims on the ground that the firefighters had engaged in an illegal strike and were thus ineligible for any benefits. The deputy's determination and the subsequent appeals are detailed above.

The circuit court's judgment included a finding of fact that there was a work stoppage at the time that the City took disciplinary action against the firefighters. This finding was contrary to the Commission's finding that the firefighters had engaged in no misconduct. In making factual findings, the court acted contrary to § 288.210,[1] which provides that in any judicial review of an action by the Commission, the Commission's factual findings shall be conclusive if they are supported by competent and substantial evidence and in the absence of fraud, and that the jurisdiction of the court shall be confined to questions of law.

The briefs in this case fail to raise the scope of review issue as it is set forth in § 288.210. Nonetheless, in light of that section, the only question presented by this appeal is whether or not the findings of fact made by the Commission are supported by substantial and competent evidence. While the Commission found that no claimant admitted to deliberately having refused to work overtime as a part of the union work slowdown, the record refutes this finding, in that two of the firefighters testified before the appeals tribunal that their refusal to work overtime had been in support of the union job action.

When the appeal from the deputy's determination was heard by the appeals tribunal, only four firemen appeared. Their testimony together with the complete transcript of the hearings before the personnel board made up the record before the appeals tribunal.

Apparently, all parties treated the hearing before the appeals tribunal referee as falling under § 288.190.2, which states in pertinent part:

When the same or substantially similar evidence is relevant and material to the matters in issue in claims by more than one individual or in claims by a single individual in respect to two or more weeks of unemployment, the same time and place for considering each such claim or claims may be fixed, hearings thereon jointly conducted, a single record of the proceedings made, and evidence introduced with respect to one proceeding considered as introduced in the others, if in the judgment of the appeals tribunal or the commission having jurisdiction of the proceeding such consolidation would not be prejudicial to any party.

In this case a joint hearing was conducted on the claims of the 11 firefighters, and the claims of the 11 have been considered at each level of review as being joint. However, this court is convinced that it is prejudicial to consider the evidence presented as being jointly applicable to the claims of all 11 of the firefighters in light of the contradictory nature of their testimony. For example, two of the firefighters admitted that their refusal to work overtime constituted participation in the union's job action. Some of the 11 testified that no one had ever requested that they work overtime, while others stated that they had been requested to work overtime but not ordered to do so. One firefighter testified that he refused to work overtime only in order to take care of his son while his wife went to work.

1. All sectional references are to Missouri's Revised Statutes, 1978.

In light of the varied circumstances and contradictory testimony described above, the evidence in this case does not meet § 288.190.2's standard of substantial similarity, and it was therefore inappropriate and prejudicial to consolidate all of the 11 claims into a single joint claim. Each of the 11 claims should be considered separately, and findings of fact should be entered relative to each. Only in that way can there be meaningful judicial review in these claims under § 288.210.

The judgment of the circuit court is reversed and this cause is remanded to that court, which is directed to remand this cause to the Commission with directions to enter findings of fact relative to each individual claim. The Commission will have the same power to review these cases under § 288.200 upon remand as it did on the original appeal.

Judgment is reversed and cause remanded with directions.